UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:16-CV-14550-ROSENBERG/LYNCH

PATRICIA KENNEDY,

    Plaintiff,

v.

JENSEN STATION SHOP OWNER'S
ASSOCIATION, INC, et al.,

    Defendants.
    _____/

## ORDER GRANTING DEFENDANT JENSEN SHOP OWNER'S ASSOCATION INC.'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Defendant Jensen Shop Owner's Association Inc.'s Motion to Dismiss Plaintiff's Complaint ("Defendant's Motion to Dismiss"). DE 23. The Court has carefully considered Plaintiff's Complaint, DE 1, Defendant's Motion to Dismiss, DE 23, and is otherwise fully advised in the premises. For the reasons set forth below, Defendant's Motion to Dismiss is GRANTED and Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE.

Per Local Rule 7.1(c), a party opposing such a motion "*shall* serve an opposing memorandum of law no later than fourteen (14) days after the service of the motion." It also provides: "Failure to do so may be deemed sufficient cause for granting the motion by default." Local Rule 7.1(c). Defendant's Motion to Dismiss was filed on February 17, 2017. DE 23. Plaintiff's response to Defendant's Motion to Dismiss was, therefore, due March 3, 2017. Plaintiff failed to respond. Accordingly, the Court finds sufficient cause for granting Defendant's Motion to Dismiss by default.

Plaintiff, who seeks injunctive relief, alleges that she has been denied access to Defendants' premises in violation of the American with Disabilities Act and the Florida Americans with Disabilities Accessibility Implementation Act. *See* DE 1. "[A] plaintiff pursuing injunctive relief in federal court must plead a genuine threat of imminent injury." *Houston v. Marod Supermarkets, Inc.*,

1

733 F.3d 1323, 1335 (11th Cir. 2013). Defendant argues that this element of standing is absent. *See* DE 23. The Eleventh Circuit uses a "totality of the circumstances" test to assess whether a genuine threat of imminent injury is present in ADA cases. *Id.* Specifically, the Eleventh Circuit has looked to "(a) proximity of the public accommodation to plaintiff's home; (b) plaintiff's past patronage of defendant's accommodation; (c) the definiteness of plaintiff's plan to return to defendant's accommodation; and (d) the frequency of plaintiff's travel near defendant's accommodation." *Bowman v. G.F.C.H. Enterprises, Inc.*, Case No. 14-cv-22651, 2014 WL 5341883 (S.D. Fla. Oct. 20, 2014) (Moreno, J) (citing *id.*). Given Plaintiff's failure to respond, it is not necessary for the Court to reach the merits of Defendant's Motion to Dismiss. However, the Court notes that Defendant has made arguments as to each factor that find support in the case law of this district. *See id.*

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Jensen Shop Owner's Association Inc.'s Motion to Dismiss Plaintiff's Complaint is **GRANTED**. DE 23.
2. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. DE 1.
3. The Clerk of the Court is instructed to **CLOSE THIS CASE**.
4. All pending motions are **DENIED AS MOOT**, all deadlines are **TERMINATED**, and all hearings are **CANCELLED**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 13th day of March, 2017.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record